NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BETTY JANECEK, PETITIONER, v. AMERICAN CABLE COMPANY, RESPONDENT.

For the petitioner, *McTague & McCarthy.*

For the respondent, *Lindabury, Depue & Faulks.*

\*　　\*　　\*　　\*　　\*　　\*　　\*

I do find and determine as follows:

1. The petitioner's decedent, Andrew Janecek, on September 10th, 1927, was in the employ of respondent at a weekly wage of $27.50.

2. On that date the petitioner's decedent, Andrew Janecek, suffered a slight electric shock at seven A. M., which shock did not disable him in any way; he continued working steadily without complaint until twelve M., at which time the plant closed for the day. He went to his home and at about five o'clock in the afternoon he became ill. Dr. L. C. Bassett was called, and called again the following day when the deceased appeared to be coming out of a seizure and he advised the removal of Janecek to the Middlesex County Hospital. He was taken to the hospital that day and died there on September 12th, 1927, from chronic nephritis. While the testimony of Dr. Bassett, on behalf of the petitioner, was in some instances favorable to petitioner, he stated on cross-examination that he could not definitely say that there was any connection between the electric shock and the nephritis condition from which Janecek died. Dr. Christopher C. Beling, Dr. John W. Gray and Dr. C. B. Lufbouer, men of long experience and high standing in the medical profession, and two of whom have had considerable experience in cases involving electric shock, testified that the illness from which Janecek died could neither have been caused nor aggravated by the electric shock which he received while in the respondent's employ, and that there was no connection whatever between the electric shock suffered by deceased and the cause of his death.

From the evidence adduced I find that the death of Andrew Janecek was not caused by an accident arising out of and in the course of his employment by the respondent, and that any physical condition from which he may have been suffering prior to the time of the accident was in no way aggravated by the accident alleged.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN J. STAHL,
*Referee.*